By the Court.—Spencer, J.
The plaintiffs offered to prove on the trial that upon the shipment of the oysters, that were the subject matter of the action, Kingsland, the assignor of plaintiffs, directed and addressed by mail to Joseph Forsyth, at the city of New York, letters stating the fact of such shipment and the prices charged for the oysters. Upon the testimony being objected to by the defendant’s counsel, the referee excluded the testimony. The grounds of the objection and the ruling of the referee do not appear in the case, but on the argument it was admitted that such testimony was excluded as inadmissible under section 339 of the Code. Exception was taken to this ruling of the referee by the plaintiffs’ counsel.
Upon a full examination of the case and consideration of the points óf counsel made on the argument, I.have concluded that there is no sufficient ground for reversal except upon this exception, and that any error of the referee in this ruling was cured or made harmless by the subsequent proceedings on the trial. The materiality of this testimony consisted in its tendency to fix the price of the oysters as between the parties when the same were shipped or received, without leaving the price to be determined upon the evidence as to the value of the oysters. I am inclined to think that as the pleadings then stood, it was material, and that the referee erred in excluding the same. Subsequently to this, as appears from the case (folio 9) and immediately after this ruling, it appears that “Defendant’s counsel consents that the testimony may be taken *271 subject to objection, the decision on the same to be reserved and with liberty to defendant’s counsel to move to strike out at any time. Whereupon the witness continued, &c.” Subsequently Charles H. Simmons, a witness on the part of the plaintiffs, testified without objection that Kingsland, the assignor of the plaintiffs, made out the bills for the oysters shipped and sent them on to Forsyth in letters, some of which letters the witness had written for Kingsland. When plaintiffs rested their case, they amended their complaint, which appears in the case in the following language :—
“Plaintiffs claim to recover the value of the 380 bags of oysters, besides the value of the bags as proved by the testimony, and requested the referee to conform the complaint to the facts as proved,, which was done, and then rested.”
I think this amendment to the pleading, and the introduction of the testimony as heretofore stated, cured any preceding error in the ruling of the referee, and plaintiffs were not prejudiced thereby.
The judgment must be affirmed with costs of appeal.